UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M. M.,

     Plaintiff,

                                   Case No. 1:25-cv-00748

v.

                                   HON. JANE M. BECKERING

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

Presently before the Court is Plaintiff's appeal of the decision by Administrative Law Judge (ALJ) Chess denying Plaintiff's request for Disability Insurance Benefits (DIB).   This appeal is brought pursuant to 42 U.S.C. § 405(g).   The record before the Court demonstrates that Plaintiff suffers from severe, medically-determinable impairments, including neuropathy, osteoarthritis status post ankle fracture, Covid-19, headaches, obesity, and adjustment disorder.   Plaintiff asserts that the ALJ's formulation of Plaintiff's Residual Functional Capacity (RFC) failed to consider limitations related to Plaintiff's headaches.   For the reasons set forth below, the Court affirms the decision of the ALJ.

    **I.**       **Procedural History**

        **A.**    **Key Dates**

The ALJ's decision notes that Plaintiff applied for DIB on August 10, 2022, alleging an onset date of November 6, 2020.   ECF No. 7-2, PageID.36.   Plaintiff's claim was initially denied by the Social Security Administration on December 7, 2022.   *Id*.   The claim was denied on reconsideration on November 13, 2023.   *Id*.   Plaintiff then requested a hearing before an ALJ.

1

ALJ Chess conducted a hearing on Plaintiff's claim on May 9, 2024, and issued her decision on July 3, 2024.   Plaintiff filed this lawsuit on July 7, 2025.   ECF No. 1.

### B.    Summary of ALJ's Decision

The ALJ's decision correctly outlined the five-step sequential process for determining whether an individual is disabled.   ECF No. 7-2, PageID.37-38.   Before stating her findings at each step, the ALJ concluded that Plaintiff meets the insured status requirements through March 31, 2028.   *Id.*, PageID.38.

At Step One, the ALJ deferred finding whether Plaintiff engaged in substantial gainful activity (SGA) from November 6, 2020.   *Id.*

At Step Two, the ALJ found that the Plaintiff had the following severe impairments: neuropathy, osteoarthritis status post ankle fracture, Covid-19, obesity, and adjustment disorder. *Id.*, PageID.39.   In her decision, the ALJ discussed non-severe impairments, including opiate abuse and headaches.   *Id.*   The ALJ determined that Plaintiff's headaches were not a medically determinable impairment because they did not meet the requirements of Social Security Ruling 19-4p.   *Id.*   Nevertheless, the ALJ considered Plaintiff's headaches "as a sign or symptom of his other impairments, specifically Covid-19."   *Id.*

At Step Three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.   *Id.*   The ALJ specifically commented on the impairments listed in 1.18 (major joint abnormality), 11.14 (neuropathy), obesity, and mental impairments under 12.04, 12.06, and 12.15.   *Id.*, PageID.40.   In considering paragraph B criteria, the ALJ found moderate limitations.   *Id.*, PageID.41-42.   The ALJ considered paragraph C criteria and concluded that the evidence did not support a finding of a "serious and persistent"

2

mental disorder.  *Id*., PageID.42.

Before going on to Step Four, the ALJ found that Plaintiff had the following RFC:

[T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can lift and/or carry 20 pounds occasionally and ten pounds frequently. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. He can have occasional exposure to vibration. He can have no concentrated exposure to atmospheric conditions, per the Selected Characteristics of Occupations. He can do no work at high exposed places. The claimant can understand, remember, and carry out simple instructions. He can make simple work-related decisions.  He can tolerate occasional changes in a routine work setting. He can do no production rate work, such as work on an assembly line. He can occasionally interact with coworkers, supervisors, and the public.

*Id*., PageID.42-43.

The ALJ devoted nine pages to discussing and explaining how she formulated Plaintiff's RFC.  This discussion included the following:

- a summary of the regulations relevant to Plaintiff's symptoms, *id*., PageID.43;

- a summary of Plaintiff's statements including "ongoing headaches," *id*., 43-44;

- a summary of medical records noting Plaintiff's Covid-19 in November 2020, aches, fatigue, headaches, brain fog, muscle contractions, and numbness, and generally normal mental health examinations, including a discussion of results from the psychological consultative examination with Robert J. Baird, Ph.D., *id*., PageID.44-46;

- a summary of Plaintiff's daily activities including no problems with personal care, an ability to care for his children and dogs, an ability to prepare meals, to perform household chores, make home repairs, grocery shop, play catch with his son, walk

3

his dogs, perform tiling work, hike and play sports with his children, listen to music, and exercise by doing yoga,[1] *id.*, PageID.47;

- a summary of opinions by Dr. Trinh Nguyen, D.O., Nurse Smith, Natalie Rea-Michalak, Psy.D., and Amy Thomas, LMSW, *id.*, PageID.48-50.

At Step Four, the ALJ concluded that Plaintiff was unable to perform Past Relevant Work (PRW) as a painter.  *Id.*, PageID.51.

At Step Five, the ALJ considered the Plaintiff's age, education, work experience, and RFC before concluding that jobs exist in significant numbers in the national economy that Plaintiff can perform.  *Id.*, PageID.52-53.

## II.    Standard of Review

Review of an ALJ's decision is limited to two issues: (1) "whether the ALJ applied the correct legal standards," and (2) "whether the findings of the ALJ are supported by substantial evidence."  *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); 42 U.S.C. § 405(g).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence.  42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Jones v. Sec'y*

---

[1] Plaintiff says that it was recommended that he should do yoga exercises, but that nothing in the record indicates that he performed yoga exercises.  ECF No. 11, PageID.1007.

*of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991).   In determining the substantiality of the evidence, the Court must consider the evidence in the record as a whole and whatever evidence in the record fairly detracts from its weight.   *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984) (citations omitted).   The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.   *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).   This standard affords the administrative decision maker considerable latitude and acknowledges that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.   *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

### III.    Analysis

Plaintiff argues that the ALJ erred by failing to include any limitations in the RFC related to his headaches.   Plaintiff testified at the hearing that he is unable to work two days in a row, and that he experiences extreme fatigue and mental confusion after headaches.   ECF No. 7-2, PageID.74-75.   Plaintiff testified that he has at least 10-12 headaches per month and that they sometimes last for a day or two.   *Id.*, PageID.79-80.   Plaintiff notes that he has a documented history of headaches in his medical records.   ECF No. 11, PageID.1005-1009.   On May 25, 2023, Dr. Nicholas J. Lannen, M.D., reported that Plaintiff's headaches were consistent with migraine equivalent syndrome.   ECF No. 7-9, PageID.660-661.   He recommended lifestyle changes such as aggressive rehydration, good sleep, regular meals, no exposure to tobacco and marijuana smoke, and exercise.   Dr. Lannen prescribed Topamax to reduce the severity and frequency of headaches.   *Id.*   Dr. Lannen reported on October 12, 2023 that "Topamax has been helpful for headache control."   *Id.*, PageID.883.

The ALJ determined that Plaintiff's headaches were not a medically determinable impairment under SSR 19-4p (Evaluating Cases Involving Primary Headache Disorders):

> Social Security Ruling 19-4p notes that a medically determinable impairment (MDI) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. The ruling notes that in accordance with International Classification of Headache Disorders (ICHD-3) guidelines, the World Health Organization protocols, and the National Institute of Neurological Disorders and Stroke (NINDS) definition of headache disorders, physicians diagnose a primary headache disorder only after having excluded alternative medical and psychiatric causes of a person's symptoms. The claimant's headaches do not meet the requirements of Social Security Ruling 19-4p and is therefore not an MDI. Although, the claimant's headache impairment did not meet the requirements of SSR 19-4p, I considered headaches as a sign or symptom of his other impairments, specifically Covid-19.

ECF No. 7-2, PageID.39.[2]   Plaintiff argues that the ALJ failed to explain how headaches were considered in formulating the RFC, thereby failing "to build an accurate and logical bridge" between Plaintiff's headache-related limitations and the RFC.   ECF No. 14, PageID.1036.

Plaintiff's RFC is an administrative finding of fact reserved for the Commissioner.   20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Deaton v. Comm'r of Soc. Sec.*, 315 F. App'x 595, 598 (6th Cir. 2009).   While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence.   *Torres v. Comm'r of Soc. Sec*, 490 F. App'x 748, 754 (6th Cir. 2012).   If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Id.*   The ALJ may consider *all* relevant evidence on record, including an individual's medical

---

[2]  For example, before the Commissioner would consider Plaintiff's headaches an MDI, they must meet certain diagnostic criteria.  ECF No. 7-2, PageID.39; SSR 19-4p.  For a migraine with an aura, one or more reversible aura symptom must be present, and at least three of six listed characteristics must be present.  *Id*.  For a migraine without an aura, the diagnosis must rule out other headache disorders, and at least five headache attacks must establish the listed criteria.  *Id*.

history, reports of daily activity, and recorded observations.  SSR 96-8p.  The "ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and nonmedical evidence."  *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013).

Ultimately, it the responsibility of the ALJ to build an "accurate and logical bridge" from the evidence to her conclusions.  *Lamere v. Comm'r of Soc. Sec.*, No. 2:17-CV-93, 2018 WL 4501201, at *4 (W.D. Mich. Sept. 20, 2018).  The ALJ's RFC decision must allow the Court to trace the path of the ALJ's reasoning.  S*kinner v. Comm'r of Soc. Sec.*, No. 2:23-CV-155, 2024 WL 3970267, at *1 (W.D. Mich. Aug. 28, 2024).

For the reasons stated below, the Court concludes that the ALJ did not ignore Plaintiff's headaches, but considered them "as a sign or symptom of his other impairments, specifically Covid-19."  ECF No. 7-2, PageID.39.  The ALJ addressed Plaintiff's symptoms including "ongoing headaches" from long Covid.  *Id*., PageID.43.  The ALJ limited Plaintiff to light work with postural and environmental limitations due to the combination of his medical impairments, including Covid-19.  *Id*., PageID.44.  In doing so, the ALJ stated that the RFC "reflects the degree of limitation" found in the paragraph B mental function analysis.  *Id*., PageID.42.  In considering the paragraph B criteria, the ALJ found moderate limitations based upon Plaintiff's subjective complaints and function reports.  *Id*.  The ALJ specifically addressed Plaintiff's claim that he must be in bed for days due to headaches, muscle aches, and extreme tiredness.  *Id*.  The ALJ accommodated Plaintiff's moderate limitations by imposing some environmental restrictions and limiting him to work with simple instructions and decision making, only occasional changes in his routine work setting, no production rate work, and occasional interaction with coworkers, supervisors, and the public.  *Id*., PageID.42-43.

The ALJ addressed Plaintiff's reports of Covid-19, brain fog, and headaches, and generally

normal mental status findings in the RFC discussion.  *Id.*, PageID.44-47.   The ALJ also determined that Plaintiff's reported daily activities supported the ALJ's RFC finding:

> The claimant regularly reported doing various activities of daily living, which are not fully consistent with the severity of limitations alleged by the claimant. The claimant reported no problems with his personal care tasks (6E/2; 10E/2). The claimant cares for his children (10E/2; 5F/78). He also provides care for his dogs by feeding and watering them and taking them for walks daily (10E/2; 8F/4). The claimant prepares meals daily; vacuums; does laundry, dishes, and light cleaning; mows the grass with a riding lawn mower; makes small household repairs; cleans up after his dogs; and cleans the cat [litter] box (10E/3). He reported some help with chores (10E). The claimant goes grocery shopping about one time per month for an hour (10E/4). The claimant reported he can play catch with his son for up to an hour (10E/5). The claimant takes his dogs for a walk through the woods, and he can walk the dogs without difficulty (10E/8; 2F/10). The claimant was doing tiling work for two to three hours at a time (2F/7). He reported he hikes and plays sports with his children, although he reported he does not do these activities often or well (6E; 2F/10). The claimant reported he enjoys listening to music and playing with his dogs (4F/3). The claimant did yoga prior to bed (5F/6). These self-reported activities suggest the claimant can perform work within the parameters of the residual functional capacity set forth above.

*Id.*, PageID.47.   Finally, the ALJ considered the medical opinion evidence in addressing Plaintiff's RFC, but no further restrictions based upon headaches were suggested by Plaintiff's medical providers or by the medical consultants.  ECF No. 7-2, PageID.48-51.   The opinions of psychological consultants Rea-Michalak and Douglass, along with medical consultants Dr. Nguyen and Dr. Rose, support the ALJ's RFC findings.  ECF No. 7-3, PageID.96-99, 100-102, 108, 111.   Moreover, the ALJ imposed greater restrictions in Plaintiff's RFC than those suggested by these expert consultants.   For these reasons and based upon relevant authorities, the Court will affirm the decision of the Commissioner of Social Security.   The ALJ did not commit legal error and substantial evidence supports the ALJ's decision.   A separate judgment will issue.

Accordingly:

**IT IS HEREBY ORDERED** that the Court **AFFIRMS** the decision of the Commissioner

of Social Security for the reasons stated in this Opinion and Order.


Dated:  July 23, 2026                                    /s/ Jane M. Beckering
                                                                JANE M. BECKERING
                                                                United States District Judge